UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KENNIN JACKSON

v.

JOHN DOE

PRISONER
CASE NO. 3:11-cv-646(CFD)

## INITIAL REVIEW ORDER

The plaintiff is currently incarcerated at the Northern Correctional Institution in Somers, Connecticut ("Northern"). He has filed this action *pro se* pursuant to 42 U.S.C. § 1983.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet

the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff claims that in May 2010, he was a pretrial detainee confined at Northern. On May 5, 2010, Captain Marinelli designated him as a member of the chronic discipline group. Later that day, the plaintiff was confined in his cell when Inmate Dawes returned from recreation. Inmate Dawes stopped outside the plaintiff's cell and verbally threatened to harm him. Correctional Officer John Doe was not in the hallway near the plaintiff's cell, but was able to overhear the threatening remarks of Inmate Dawes through the intercom system. John Doe announced over the intercom system that Inmate Dawes would not be doing anything to harm the plaintiff. Inmate Dawes allegedly challenged John Doe to open the plaintiff's cell door. John Doe then opened the plaintiff's cell door and Inmate Dawes assaulted the plaintiff. The plaintiff suffered physical and psychological injuries as a result of the assault. The plaintiff seeks monetary damages.

The plaintiff names John Doe Correctional Officer as the sole defendant. The plaintiff alleges that John Doe deliberately unlocked his cell door to permit Inmate Dawes to assault him. The plaintiff attaches exhibits to his complaint showing that a Department of Correction disciplinary hearing officer found Inmate Dawes guilty of assaulting the plaintiff on May 5, 2010. The plaintiff also attaches evidence demonstrating that Department of Correction officials had found Inmate Dawes guilty of threats, fighting and assault on multiple other occasions in the three years preceding

the May 2010 assault.

The court construes the facts alleged by the plaintiff as supporting a claim of failure to protect him from harm in violation of the Eighth Amendment. The United States Marshal cannot serve the complaint on the John Doe defendant because the plaintiff has not identified him by name. Accordingly, the plaintiff is on notice that the complaint cannot be served on defendant Correctional Officer John Doe unless he is identified by name and address.

## Conclusion

**The court will permit the plaintiff 120 days from the date of this order to conduct discovery and file an amended complaint identifying the John Doe defendant.**[1]

If the plaintiff fails to file an amended complaint within the time specified, the complaint will be dismissed without further notice from the court pursuant to Rule 4(m), Fed. R. Civ. P. and the case will be closed.

**SO ORDERED.**

Dated at Hartford, Connecticut this 29th day of July, 2011.

/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge

---

[1] The plaintiff may seek the assistance of staff at the Inmates' Legal Assistance Program if he is unable to secure copies of the Incident Report generated as a result of the incident involving Inmate Dawes assault on him on May 5, 2010. The Incident Report might include the name of the John Doe Correctional Officer who was allegedly involved in opening the plaintiff's cell door on the date in question.