UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

KENNIN JACKSON

                                        PRISONER
        v.                       CASE NO. 3:11-cv-646(SRU)

JOHN DOE

## **INITIAL REVIEW ORDER**

    The plaintiff is currently incarcerated at the Northern
Correctional Institution in Somers, Connecticut ("Northern").  He
has filed this action *pro se* pursuant to 42 U.S.C. § 1983.

    Pursuant to 28 U.S.C. § 1915A(b), the Court must review
prisoner civil complaints against governmental actors and "dismiss
... any portion of [a] complaint [that] is frivolous, malicious, or
fails to state a claim upon which relief may be granted," or that
"seeks monetary relief from a defendant who is immune from such
relief."  *Id.*  Rule 8 of the Federal Rules of Civil Procedure
requires that a complaint contain "a short and plain statement of
the claim showing that the pleader is entitled to relief." Fed. R.
Civ. P. 8(a)(2).  Although detailed allegations are not required,
"a complaint must contain sufficient factual matter, accepted as
true, to state a claim to relief that is plausible on its face.  A
claim has facial plausibility when the plaintiff pleads factual
content that allows the court to draw the reasonable inference that
the defendant is liable for the misconduct alleged."  *Ashcroft v.
Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (internal
quotation marks and citations omitted).   A complaint that includes

only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff claims that in May 2010, he was a pretrial detainee confined at Northern. On May 5, 2010, Captain Marinelli designated him as a member of the chronic discipline group. Later that day, the plaintiff was confined in his cell when Inmate Dawes returned from recreation. Inmate Dawes stopped outside the plaintiff's cell and verbally threatened to harm him. Correctional Officer Mack was in the control room and was able to overhear the threatening remarks of Inmate Dawes through the intercom system. Correctional Officer Mack announced over the intercom system that Inmate Dawes would not be doing anything to harm the plaintiff. Inmate Dawes challenged Officer Mack to open the plaintiff's cell door. Officer Mack then opened the plaintiff's cell door and Inmate Dawes assaulted the plaintiff.

A correctional official or officer called a Code and Lieutenant Williams, Captain Marinelli and Nurses Paul and Shannon

2

came to the scene of the assault.  The plaintiff suffered a swollen jaw and lower back injuries as well as psychological injuries.  The plaintiff seeks monetary damages and injunctive relief.

The plaintiff has named Correctional Officers Daire, Ferguson and Mack, Lieutenant Williams, Captain Marinelli and Nurses Paul and Shannon as defendants.  The plaintiff alleges that Correctional Officers Ferguson and Daire were not on the housing tier when Inmate Dawes stopped outside his cell and challenged him to a fight.  The plaintiff has not otherwise alleged that these officers were aware that Inmate Dawes might cause him any harm or injury. Thus, the plaintiff has failed to allege that defendants were deliberately indifferent to his safety.  The allegations against these defendants are dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915A(b)(1).

With regard to defendants Williams, Marinelli, Paul and Shannon, the plaintiff states that in response to the emergency Code, they came to his cell where the assault on him by Inmate Dawes had occurred.  The plaintiff asserts no other allegations against these defendants.  The plaintiff has failed to allege that defendants Williams, Marinelli, Paul and Shannon violated his constitutionally or federally protected rights.  The claims against these defendants are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The court construes the facts alleged by the plaintiff against defendant Mack as supporting a claim of failure to protect him from

harm in violation of the Eighth Amendment.  The request for monetary damages against defendant Mack in his or her official capacity, however, is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985)  (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity).  Accordingly, that request is dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

Pursuant to its review under 28 U.S.C. § 1915A, the court concludes that the case should proceed at this time as to the failure to protect claim against defendant Mack in his or her individual capacity and in his or her official capacity to the extent that plaintiff seeks injunctive relief.

**ORDERS**

The court enters the following orders:

(1)   All claims against defendants Williams, Marinelli, Ferguson, Daire Paul and Shannon are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The Eighth Amendment failure to protect claim shall proceed against defendants Mack in his or her individual capacity and in his or her official capacity to the extent that plaintiff seeks injunctive relief.

(2)   Within fourteen (14) days of this Order, the Pro Se Prisoner Litigation Office shall ascertain from the Department of

Correction Office of Legal Affairs the current work address for defendant Mack and mail a waiver of service of process request packet to this defendant in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of the waiver request.  If defendant Mack fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and defendant Mack shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)  Within fourteen (14) days of this Order, the U.S. Marshals Service shall serve the summons, a copy of the Second Amended Complaint [Doc. No. 11] and this Order on defendant Mack in his or her official capacity by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(4)  The Pro Se Prisoner Litigation Office shall send a courtesy copy of the Second Amended Complaint [Doc. No. 11] and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5)  The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(6)  Defendant Mack shall file his or her response to the complaint, either an answer or motion to dismiss, within seventy

(70) days from the date of this order.  If the defendant chooses to file an answer, he or she shall admit or deny the allegations and respond to the cognizable claims recited above.  He or she may also include any and all additional defenses permitted by the Federal Rules.

(7)  Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(8)  All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(9)  Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within **twenty-one (21)** days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

 **SO ORDERED** at Bridgeport, Connecticut this 23rd day of March 2012.


                    /s/ Stefan R. Underhill
                   Stefan R. Underhill
                   United States District Judge